UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JODY BUTLER                                              CIVIL ACTION

VERSUS                                                      NO. 16-3399

DARREL VANNOY                                        SECTION "R" (5)

## ORDER

Before the Court are Jody Butler's petition for a writ of *habeas corpus*,[1] and his objections[2] to the Magistrate Judge's Report and Recommendation[3] that the petition be dismissed with prejudice. The Court, having reviewed *de novo* the petition, the state's response,[4] the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's objections, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

Butler is a prisoner at the Louisiana State Penitentiary.[5] On February 11, 2011, he was sentenced to life imprisonment as a habitual offender after a jury found him guilty of marijuana possession and cocaine possession.[6]

---

1   R. Doc. 3.
2   R. Doc. 14.
3   R. Doc. 13.
4   R. Doc. 12.
5   R. Doc. 3.
6   *Id.* at 1; R. Doc. 13 at 1-2.

The Louisiana Court of Appeal for the Fourth Circuit initially reversed Butler's conviction on Fourth Amendment grounds, but his conviction was ultimately upheld by the Louisiana Supreme Court. *State v. Butler*, 117 So. 3d 87 (La. 2013).

In his objections, Butler argues that his constitutional rights to due process and equal protection were violated because the Louisiana Supreme Court allowed the state to raise a new basis for probable cause for the first time on appeal, allegedly in violation of state rules of criminal procedure.[7] But federal courts may not grant habeas relief based on violations of state law, and "a mere error of state law is not a denial of due process." *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (citation and quotation marks omitted). As the Magistrate Judge explained, Butler's substantive Fourth Amendment challenge is barred by the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465, 481 (1976); *see also Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006) (explaining that state court "errors in adjudicating Fourth

---

[7] R. Doc. 14. Butler also contends that the Louisiana Supreme Court's decision violated Federal Rule of Criminal Procedure 51. But "state courts are not bound to follow the Federal Rules of Criminal Procedure, so federal habeas relief is unavailable under this theory." *Wolfe v. Puckett*, 998 F.2d 1014, 1993 WL 277206, at *2 n.4 (5th Cir. 1993); *see also Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980).

Amendment claims are not an exception to *Stone*'s bar"). Butler's objections are therefore without merit.

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2254 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

For the reasons articulated in this order, Butler has not made a substantial showing of the denial of a constitutional right. The Magistrate Judge's Report and Recommendation clearly and correctly disposes of each of petitioner's claims.

IT IS ORDERED that the petition for *habeas corpus* is DISMISSED WITH PREJUDICE. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __19th__ day of September, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE