UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JODY BUTLER                                   CIVIL ACTION

VERSUS                                         NO. 16-3399

DARREL VANNOY                                  SECTION "R" (5)

# ORDER

Petitioner Jody Butler moves the Court to permit him to proceed *in forma pauperis* on appeal.[1] Because Butler's arguments lack good faith, the Court denies the motion.

Butler is a prisoner at the Louisiana State Penitentiary.[2] On February 11, 2011, he was sentenced to life imprisonment as a habitual offender after a jury found him guilty of marijuana possession and cocaine possession.[3] The Louisiana Court of Appeal for the Fourth Circuit initially reversed Butler's conviction on Fourth Amendment grounds, but his conviction was ultimately upheld by the Louisiana Supreme Court. *State v. Butler*, 117 So. 3d 87 (La. 2013). On September 19, 2017, the Court dismissed

---

[1] R. Doc. 19.
[2] R. Doc. 3.
[3] *Id.* at 1; R. Doc. 13 at 1-2.

Butler's petition for *habeas corpus* and denied a certificate of appealability.[4] Butler now moves to appeal *in forma pauperis*.[5]

A claimant may proceed with an appeal *in forma pauperis* if he meets three requirements. First, the claimant must submit "an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Based on this information, the district court must determine whether the costs of appeal would cause an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998). Second, the claimant must provide the court with an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1) ("Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress."). Third, the claimant's appeal must be "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). "Good faith is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal

---

[4] R. Doc. 15.
[5] R. Doc. 19.

points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo-Jurado*, 477 F. App'x 150, 151 (5th Cir. 2012). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003).

Butler's motion to proceed *in forma pauperis* indicates that his current inmate account balance is $102.32 and that he has no other assets.[6] Although Butler's motion suggests his inability to pay fees related to his appeal, his motion must be denied because the arguments he intends to raise on appeal do not have an arguable basis either in law or in fact and are therefore frivolous. In his notice of appeal, Butler argues that his rights to due process and equal protection were violated because the state court abandoned a well-established rule of law in the course of reviewing his conviction.[7] As explained in the Court's order dismissing Butler's petition, habeas relief is not available based on alleged violations of state law, and Butler's Fourth Amendment challenge is barred by the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465, 481 (1976).

---

6     R. Doc. 19 at 6.
7     R. Doc. 17.

<mark>3</mark>

For the foregoing reasons, Butler's motion for leave to appeal *in forma pauperis* is DENIED.

New Orleans, Louisiana, this __6th__ day of November, 2017.

                        _____Sarah Vance_____
                             SARAH S. VANCE
                        UNITED STATES DISTRICT JUDGE